**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____  Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Zynex, Inc. |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 90-0275169 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 9655 Maroon Circle<br>Englewood, CO 80112 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Douglas | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.zynex.com |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    Zynex, Inc.
_____   Case number (*if known*) _____
          Name

**7.  Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
          3391

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

Debtor  Zynex, Inc.
_____
Name

Case number (*if known*) _____

| | | | | |
|---|---|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor | See Schedule 1 | Relationship | See Schedule 1 |
| | District | Southern District of Texas | When | 12/15/2025 | Case number, if known |

**11. Why is the case filed in this district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   Zynex, Inc.
_____      Case number (*if known*) _____
         Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      December 15, 2025
                 _____
                 MM / DD / YYYY

**X** /s/ Vikram Bajaj                                    Vikram Bajaj
_____                        _____
Signature of authorized representative of debtor         Printed name

Title   Chief Financial Officer of Zynex, Inc.
        _____

**18. Signature of attorney**

**X** /s/ Omar J Alaniz                                   Date   December 15, 2025
_____                               _____
Signature of attorney for debtor                                MM / DD / YYYY

Omar J Alaniz
_____
Printed name

Reed Smith
_____
Firm name

2850 N. Hardwood Street
Dallas, TX 75201
_____
Number, Street, City, State & ZIP Code

Contact phone   (469) 680-4292        Email address   oalaniz@reedsmith.com

24040402 TX
_____
Bar number and State

## Schedule 1

### Affiliated Entities

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in the United States Bankruptcy Court for the Southern District of Texas a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of Zynex, Inc.

|   | Entity Name | Federal Employee Identification Number (EIN) |
|---|---|---|
| 1 | Zynex, Inc. | 90-0275169 |
| 2 | Zynex Management LLC | 41-3011267 |
| 3 | Zynex Monitoring Solutions, Inc. | 27-2414516 |
| 4 | Zynex NeuroDiagnostics, Inc. | 27-2144515 |
| 5 | Zynex Medical, Inc. | 84-1451963 |
| 6 | Pharmazy, Inc. | 47-5390056 |
| 7 | Kestrel Labs, Inc. | 75-3013775 |

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ZYNEX, INC., *et al.*, | § | Case No. 25-xxxxx (XXX) |
| | § | |
| Debtors.[1] | § | (Joint Administration Requested) |

## ATTACHMENT TO VOLUNTARY PETITION FOR NON-INDIVIDUALS FILING FOR BANKRUPTCY UNDER CHAPTER 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-38804.**

2. The following financial data is the latest available information and refers to the debtor's condition as of September 30, 2025.[2]

   a. Total assets        $ 45,322,000

   b. Total debts (including debts listed in 2.c., below)        $ 86,694,000

   c. Debt securities held by more than 500 holders:        $ 41,372,000

| | | | Approximate number of holders: |
|---|---|---|---|
| secured ☐ unsecured ☐ subordinated ☐ | $ _____ | | _____ |
| secured ☐ unsecured ☐ subordinated ☐ | $ _____ | | _____ |
| secured ☐ unsecured ☐ subordinated ☐ | $ _____ | | _____ |
| secured ☐ unsecured ☐ subordinated ☐ | $ _____ | | _____ |
| secured ☐ unsecured ☐ subordinated ☐ | $ _____ | | _____ |

   d. Number of shares of preferred stock:        0[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Zynex, Inc. (5169); Zynex Monitoring Solutions, Inc. (4516); Zynex NeuroDiagnostics, Inc. (4515); Zynex Medical, Inc. (1963); Pharmazy, Inc. (0056); Kestrel Labs, Inc. (3775); and Zynex Management LLC (1267). The Debtors' address is: 9655 Maroon Circle Englewood, CO 80112. A complete list of the Debtors may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Zynex.

[2] The figures for total assets and debts were obtained from the consolidated balance sheets included in Zynex, Inc.'s Form 10-Q for the period ending September 30, 2025.

[3] As of the date hereof, no preferred stock is outstanding.

e.      Number of shares common stock:            31,840,092

Comments, if any: N/A

3. Brief description of debtor's business: Zynex, Inc. is an innovative medical technology company specializing in the manufacture and sale of non-invasive medical devices for pain management and rehabilitation.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

a.   Thomas Sandgaard is the beneficial owner of approximately 50% of Zynex's common stock

**OMNIBUS RESOLUTIONS OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF ZYNEX, INC.**

**WHEREAS**, pursuant to the delegation granted by the board of directors (the "**Board**") of Zynex, Inc. on behalf of the Company (defined below) to the Special Committee, the Special Committee has the exclusive authority to authorize the following actions and, upon review and consideration of such actions, including the contemplated related-party transaction with Steven Dyson (or an entity controlled by Mr. Dyson), the Chief Executive Officer of Zynex, Inc., the Special Committee believes such actions and the terms of the transactions contemplated thereby to be entirely fair, negotiated at arms'-length, and in the best interests of the Company and its stakeholders:

**NOW THEREFORE, BE IT RESOLVED**, that on this **15th** day of December, 2025, the Special Committee of the Board of Directors of Zynex, Inc. (the "**Special Committee**"), a Nevada corporation, on behalf of itself and its active and inactive subsidiaries, Zynex Monitoring Solutions, Inc., a Colorado corporation, Zynex NeuroDiagnostics, Inc., a Colorado corporation, Zynex Medical, Inc., a Colorado corporation, Pharmazy, Inc., a Colorado corporation, Kestrel Labs, Inc., a Colorado corporation, and Zynex Management LLC, a Texas limited liability company (collectively, the "**Company**") authorize the filing of voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**, such voluntary petitions to be filed, collectively, the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"); and

**RESOLVED**, that, each officer of the Company other than Mr. Dyson (the "**Authorized Persons**" and each, and "**Authorized Person**") shall be, and hereby are, appointed, in the name and on behalf of the Company, as the Company's authorized representative, and in such capacity, with power of delegation, be, and hereby is, authorized and empowered to execute and file on behalf of the Company, including in any individual Company's capacity as shareholder or member of its subsidiaries, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses; and it is further

**RESOLVED**, that, the Company is hereby authorized, and the Authorized Persons shall be, and hereby are, authorized and directed on behalf of the Company, to seek to have these Chapter 11 Cases jointly administered by the Bankruptcy Court; and it is further

**RESOLVED**, that, the Authorized Persons shall be, and hereby are, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company (including each subsidiary thereof), to take all actions necessary or appropriate for the Company to obtain post-petition financing (such transaction, the "**DIP Financing**") from (i) holders of 5.00% Senior Convertible Notes due 2026 and (ii) Mr. Dyson (or an entity controlled by Mr. Dyson) (collectively, the "**DIP Lenders**"), including under one or more debtor-in-possession credit facilities, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments (collectively, the "**DIP Credit Documents**") as may be deemed necessary or

appropriate by the Authorized Persons, in consultation with the Company's Advisors (as defined below); and it is further

**RESOLVED**, that (a) the form, terms, and conditions of the DIP Credit Documents, together with any amendments, modifications, alterations, or changes thereto as may be approved by the Authorized Persons, (b) the execution, delivery, and performance by such Company, to the extent it is a party thereto, of the DIP Credit Documents and the Additional DIP Credit Documents (as defined below), and the consummation of the transactions thereunder, including the borrowing (and repayment) of any loans or funds or any other extension of credit under the DIP Credit Documents and any Additional DIP Credit Document, the guaranty of any obligations under the DIP Credit Documents and any Additional DIP Credit Document, and the use of proceeds to provide liquidity for each Company throughout these Chapter 11 Cases, (c) the grant of security interests in all or any portion of such Company's assets to secure any obligations under the DIP Credit Documents and any Additional DIP Credit Document, (d) if applicable, the repayment, refinancing, termination, amendment or other treatment of pre-petition debt of such Company and any other existing indebtedness pursuant to the terms of the DIP Credit Documents and any Additional DIP Credit Document, and (e) the execution, delivery, and performance by such Company, to the extent it is a party thereto, of all agreements, security, guarantee, or collateral documents, mortgages, financing statements, documents, promissory notes, instruments, notices, certificates, stock powers, payoff letters, fee letters, engagement letters, amendments, waivers, and all other related documents, including exhibits and schedules thereto or that are otherwise necessary, advisable, desirable, or appropriate (in determination of an Authorized Person) to be executed and delivered by such Company in connection with the DIP Credit Documents, in each case, in such form and substance as may be approved by an Authorized Person (each an "**Additional DIP Credit Document**" and, collectively, the "**Additional DIP Credit Documents**"), are, hereby in all respects authorized and approved, and that the Authorized Persons shall be, and hereby are, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company to do and perform, or cause to be done and performed all such acts and things and to sign and deliver or cause to be signed and delivered, all such documents, agreements, certificates, and other instruments, and to take all such other actions as are necessary, advisable, desirable, or appropriate in order to effectuate the purpose and intent of the foregoing resolutions; and it is further

**RESOLVED**, that the granting by such Company of liens on and security interests in any or all of its assets to secure any obligations under the DIP Credit Documents and Additional DIP Credit Documents and the filing and recording of any UCC financing statements, fixture filings, intellectual property filings, or any other documents and the taking of any other actions necessary, advisable, desirable, or appropriate to perfect such security interests, are, authorized and approved, and the Authorized Persons shall be, and hereby are, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company to execute and deliver any such other perfection documents or instruments, including continuation statements, and pay such fees, taxes, and expenses, as necessary; and it is further

**RESOLVED**, that, consistent with the prior delegation from the Board, the Special Committee and Authorized Persons shall have the authority to make decisions for the Company during the Chapter 11 Cases, including to the extent they relate to or impact the DIP Financing;

*provided, that*, all management decisions materially impacting the DIP financing will be approved by the Special Committee; and it is further

> **RESOLVED**, that, the Authorized Persons shall be, and hereby are, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company, to take all actions necessary or appropriate for the Company to negotiate and execute a Restructuring Support Agreement (the "**RSA**") with the DIP Lenders other than Mr. Dyson, as may be deemed necessary or appropriate by any Authorized Person; and it is further

> **RESOLVED**, that, the Authorized Persons shall be, and hereby are, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company, to employ and retain the law firms of Simpson Thacher & Bartlett LLP and Reed Smith LLP to act as attorneys in connection with these Chapter 11 Cases, Province LLC to act as financial advisors in connection with these Chapter 11 Cases, and Epiq Corporate Restructuring, LLC to act as claims, noticing, and solicitation agent in connection with these Chapter 11 Cases and, in connection therewith, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Simpson Thacher & Bartlett LLP, Reed Smith LLP, Province LLC, and Epiq Corporate Restructuring, LLC (collectively, the "**Advisors**"); and it is further

> **RESOLVED**, that, the Authorized Persons shall be, and hereby are, authorized, directed, and empowered, with full power of delegation  on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms (together with the foregoing identified firms, the "**Professionals**") as may be deemed necessary or appropriate by any Authorized Person to assist the Company in carrying out their responsibilities in these Chapter 11 Cases, and, in connection therewith, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and it is further

> **RESOLVED**, that, the Authorized Persons, in consultation with the Advisors, shall be, and hereby are, authorized, directed, and empowered, with full power of delegation on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of an Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

> **RESOLVED**, that all acts lawfully done or actions lawfully taken by any officer of the Company or any of the Professionals in connection with these Chapter 11 Cases or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

> **RESOLVED**, that, any and all actions, whether previously or subsequently taken by the Authorized Persons or any other person authorized to act by the Authorized Persons or as otherwise specified herein, that are consistent with the intent and purpose of the foregoing resolutions or in

connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

**RESOLVED**, that all members of the Special Committee have received sufficient notice of the actions and transactions relating to the matters by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED**, that these resolutions shall be governed by the laws of the State of Nevada (without regard to conflict of laws principles); and it is further

**RESOLVED**, that these resolutions may be executed and delivered in in one or more counterparts and via facsimile or other electronic means, all of which taken together shall constitute one and the same instrument or adopted at a meeting of the Special Committee.

**IN WITNESS WHEREOF**, the undersigned, being all members of the Special Committee, do hereby execute these resolutions effective as of the date first written above and direct that this instrument be filed with the minutes of proceedings of the Special Committee.

_/s/ Paul Aronzon_
Paul Aronzon

_/s/ Bret Wise_
Bret Wise

| Fill in this information to Identify the case: |
|---|
| Debtor Name:   Zynex, Inc. |
| United States Bankruptcy Court for the:   Southern District of Texas |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION NA U.S. BANK CORP TRUST SERVICES BOSTON 1 FEDERAL ST BOSTON, MA  02110 | CONTACT: CHRISTINE N ROSADO PHONE: (617) 603-6587 CHRISTINE.ROSADO@USBANK.COM | CONVERTIBLE NOTE | | | | $61,750,000.00 |
| 2 | TRICARE DEFENSE HEALTH AGENCY 7700 ARLINGTON BLVD SUITE 5101 FALLS CHURCH, VA  22042 | CONTACT: JENNIFER DIETZ PHONE: (303) 676-3461 JENNIFER.K.DIETZ.CIV@HEALTH.MIL | TRADE | | | | $2,774,561.61 |
| 3 | POLSINELLI PC 900 W 48TH PL SUITE 900 KANSAS CITY, MO  64112 | CONTACT: ADDISON WILLIAMS ACCOUNTINGRECEIVABLES@POLSINELLI.COM | TRADE | | | | $1,145,644.38 |
| 4 | HELAINE HEID C/O BELIGAN LAW GROUP, LLP 19800 MACARTHUR BLVD SUITE 333 NEWPORT BEACH, CA  92612 | CONTACT: JERUSALEM BELIGAN PHONE: (949) 224-3881 JBELIGAN@BELIGANLAWGROUP.COM | LITIGATION | C, U, D | | | $465,000.00 |
| 5 | SAVANT LABS, INC 3200 MELENDY DRIVE SAN CARLOS, CA  94070 | CONTACT: JOSHUA MOSS FINOPS@SAVANTLABS.IO | TRADE | | | | $392,000.00 |
| 6 | WUXI JIAJIAN MEDICAL INSTRUMENT CO., LTD. NO 35 BAIQIAO ROAD EHU TOWN XISHAN DISTRICT WUXI  214116 CHINA | CONTACT: JASON XU JASON.XU@JIAJIAN-HEALTHCARE.COM | TRADE | | | | $355,420.80 |

Debtor: Zynex, Inc.                                                                  Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  ALASKA RETIREMENT MANAGEMENT BOARD C/O UBS REALTY INVESTORS LLC 10 STATE HOUSE SQUARE 15TH FLOOR HARTFORD, CT  06103 | CONTACT: BONNIE KEYES BONNIE.KEYES@CBRE.COM | TRADE | | | | $325,714.50 |
| 8  NORTON ROSE FULBRIGHT US LLP 1550 LAMAR SUITE 2000 HOUSTON, TX  77010 | CONTACT: KEVIN PHO NRFUSACCOUNTSRECEIVABLE@NORTONROSEFULBRIGHT.COM | TRADE | | | | $290,892.27 |
| 9  NAME REDACTED ADDRESS ON FILE | PHONE: PHONE NUMBER ON FILE EMAIL ON FILE | SEVERANCE | | | | $210,000.09 |
| 10  DELCO INNOVATIONS LLC 6583 RUCH RD BETHLEHEM, PA  18017 | CONTACT: EMILY LOPEZ BILLING@DELCOINNOVATIONS.COM | TRADE | | | | $207,420.56 |
| 11  DJO GLOBAL, INC. 2900 LAKE VISTA DRIVE SUITE 200 LEWISVILLE, TX  75067 | CONTACT: RAM KUMAR ACCOUNTSRECEIVABLE@AR.ENOVIS.COM, RAM.KUMAR@ENOVIS.COM | TRADE | | | | $201,438.09 |
| 12  NAME REDACTED ADDRESS ON FILE | PHONE: PHONE NUMBER ON FILE EMAIL ON FILE | SEVERANCE | | | | $200,000.00 |
| 13  NAME REDACTED ADDRESS ON FILE | PHONE: PHONE NUMBER ON FILE EMAIL ON FILE | SEVERANCE | | | | $199,999.90 |
| 14  ARAMARK SERVICES INC. 2400 MARKET STREET PHILADELPHIA, PA  19103 | CONTACT: DANA QUIGLEY QUIGLEY-DANA@ARAMARK.COM | TRADE | | | | $171,346.29 |
| 15  NAME REDACTED ADDRESS ON FILE | PHONE: PHONE NUMBER ON FILE EMAIL ON FILE | SEVERANCE | | | | $142,019.00 |
| 16  ALORICA INC. 5161 CALIFORNIA AVE. STE 100 IRVINE, CA  92617 | CONTACT: WAREN GAMBOA ACCOUNTS.RECEIVABLE@ALORICA.COM, MARKALWAREN.GAMBOA@ALORICA.COM | TRADE | | | | $140,042.70 |
| 17  VXI GLOBAL SOLUTIONS, LLC 515 S. FIGUEROA, SUITE 600 LOS ANGELES, CA  90071 | CONTACT: DJOMAR RABANG DJOMAR.RABANG@VXI.COM | TRADE | | | | $127,854.83 |
| 18  CLEAR BLUE ENGINEERING 1650 COAL CREEK DR, SUITE E LAFAYETTE, CO  80026-8867 | CONTACT: MARY KIRSTEN MKIRSTEN@CLEARBLUEENGINEERING.COM | TRADE | | | | $113,280.00 |
| 19  ALLSTATE INSURANCE COMPANY, ET AL C/O KING, TILDEN, MCETTRICK & BRINK 350 GRANITE STREET SUITE 2204 BRAINTREE, MA  02184 | CONTACT: NATHAN TILDEN PHONE: (617) 770-2214 NTILDEN@KTMPC.COM | LITIGATION | C, U, D | | | UNDETERMINED |
| 20  CANTOR FITZGERALD 110 EAST 59TH STREET NEW YORK, NY  10022 | CONTACT: KEE COLEN KEE.COLEN@CANTOR.COM | TRADE | U | | | UNDETERMINED |

Debtor: Zynex, Inc.

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | CAREOREGON, INC. 315 SW FIFTH AVE PORTLAND, OR  97204 | CONTACT: SHARON ROBERSON ROBERSONS@CAREOREGON.ORG | TRADE | U | | | UNDETERMINED |
| 22 | CENTENE 7700 FORSYTH BLVD ROOM 519 CLAYTON, MO  63015 | CONTACT: ANGELA GUIDETTA ANGELA.GUIDETTA@CENTENE.COM | TRADE | U | | | UNDETERMINED |
| 23 | DR. RAELYNN MALONEY C/O SAM SHERONICK LAW FIRM PC 4125 GLASS ROAD NE CEDAR RAPIDS, IA  52402 | CONTACT: SAM SHERONICK PHONE: (319) 366-8193 SAM@SAMLAWPC.COM | LITIGATION | C, U, D | | | UNDETERMINED |
| 24 | HIGHMARK BLUE CROSS BLUE SHIELD PO BOX 890150 CAMP HILL, PA  17001-9774 | CONTACT: KATE MUSLER PHONE: (412) 544-8653 KATHERINE.MUSLER@HIGHMARK.COM | TRADE | U | | | UNDETERMINED |
| 25 | HORIZON HEALTHCARE OF NEW JERSEY, INC. D/B/A HORIZON NJ HEALTH 1700 AMERICAN BLVD PENNINGTON, NJ  08534 | CONTACT: DANI MARKS DANI_MARKS@HORIZONBLUE.COM | TRADE | U | | | UNDETERMINED |
| 26 | LEVENT TUNCEL, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED C/O GLANCY PRONGAY & MURRAY LLP 1925 CENTURY PARK EAST SUITE 2100 LOS ANGELES, CA  90067 | CONTACT: PAVITHRA RAJESH PHONE: (310) 201-9150 PRAJESH@GLANCYLAW.COM | LITIGATION | C, U, D | | | UNDETERMINED |
| 27 | MELISSA RAMIREZ C/O MARQUEE LAW GROUP PC 9100 WILSHIRE BLVD SUITE 445 EAST TOWER BEVERLY HILLS, CA  90212 | CONTACT: TUVIA KOROBKIN PHONE: (310) 275-1844 TUVIA@MARQUEELAW.COM | LITIGATION | C, U, D | | | UNDETERMINED |
| 28 | PATRICK AYERS, DERIVATIVELY ON BEHALF OF ZYNEX, INC. CONSOLIDATED W/ DANIEL GRAZIANO, DERIVATIVELY ON BEHLF OF ZYNEX, INC. C/O ROSEN LAW FIRM, PA 275 MADISON AVE 40TH FLOOR NEW YORK, NY  10016 | CONTACT: PHILLIP KIM PHONE: (212) 686-1060 PHILKIM@ROSENLEGAL.COM | LITIGATION | C, U, D | | | UNDETERMINED |
| 29 | SIMON ARBEL, DERIVATIVELY ON BEHALF OF ZYNEX, INC. C/O CODY-HOPKINS LAW FIRM 4610 S. ULSTER ST  150 DENVER, CO  80237 | CONTACT: KAREN CODY-HOPKINS PHONE: (303) 221-4666 KAREN@CODYHOPKINSLAW.COM | LITIGATION | C, U, D | | | UNDETERMINED |
| 30 | UNITED HEALTHCARE 9700 HEALTH CARE LANE MN017-E300 MINNETONKA, MN  55343 | CONTACT: CHRISTOPHER HAUGEN CHRIS.HAUGEN@UHC.COM | TRADE | U | | | UNDETERMINED |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **ZYNEX, INC.,** *et al.*, | § | **Case No. 25-xxxxx (XXX)** |
| | § | |
| **Debtors.**[1] | § | **(Joint Administration Requested)** |
| | § | |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all the ownership interests in Zynex, Inc. ("**Zynex**") and its affiliated debtors (the "**Affiliated Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). Zynex, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1. Each Debtor listed in Exhibit A is 100% owned by its direct parent unless otherwise noted.

2. Zynex is the ultimate parent company of each of the Affiliated Debtors and, directly or indirectly, owns 100% of the equity interests in each of the Affiliated Debtors.

3. The following entities own, directly or indirectly, 10% or more of Zynex's equity interests:

   a. Thomas Sandgaard is the beneficial owner of approximately 50% of Zynex's common stock.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Zynex, Inc. (5169); Zynex Monitoring Solutions, Inc. (4516); Zynex NeuroDiagnostics, Inc. (4515); Zynex Medical, Inc. (1963); Pharmazy, Inc. (0056); Kestrel Labs, Inc. (3775); and Zynex Management LLC (1267). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9655 Maroon Circle Englewood, CO 80112. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Zynex.

4.      To the best of the Debtors' knowledge and belief, no other corporation or person owns 10% or more equity interests of Zynex.

Dated:   December 15, 2025
          Houston, Texas

*/s/ Omar J. Alaniz*

**REED SMITH LLP**
Omar J. Alaniz (24040402)
Dylan T.F. Ross (24104435)
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
Telephone:   (469) 680-4200
Facsimile:   (469) 680-4299
Email:      oalaniz@reedsmith.com
            dylan.ross@reedsmith.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**SIMPSON THACHER & BARTLETT LLP**
Zachary Weiner (*pro hac vice* pending)
Moshe A. Fink (*pro hac vice* pending)
Elisha D. Graff (*pro hac vice* pending)
Rachael Foust (*pro hac vice* pending)
425 Lexington Avenue
New York, NY 10017
Telephone:   (212) 455-2000
Facsimile:   (212) 455-2502
Email:      zachary.weiner@stblaw.com
            moshe.fink@stblaw.com
            egraff@stblaw.com
            rachael.foust@stblaw.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## <u>Certificate of Accuracy</u>

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify that the foregoing statements are true and accurate to the best of my knowledge.

<i>/s/ Omar J. Alaniz</i><br>Omar J. Alaniz

## <u>Certificate of Service</u>

I hereby certify that on December 15, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

<i>/s/ Omar J. Alaniz</i><br>Omar J. Alaniz

## Exhibit A

Organizational Chart

## ORGANIZATIONAL STRUCTURE



**Active**

**Inactive Subsidiaries**

**Primary Operating Entity**

```
                              ┌──────────────────┐
                              │    Zynex, Inc    │
                              └──────────────────┘
```

**Zynex Monitoring Solutions, Inc**

**Zynex NeuroDiagnostics, Inc.**

**Zynex Medical, Inc.**

**Pharmazy, Inc.**

**Zynex Management LLC**

**Kestrel Labs, Inc.**

Note: Prepared by Province, based on management-provided information; Province has not independently verified the data. This material is for discussion purposes only and does not constitute tax, accounting, legal, or audit advice.

PROVINCE   Simpson Thacher   ReedSmith

**Fill in this information to identify the case:**

Debtor name ___Zynex, Inc.___

United States Bankruptcy Court for the: ___SOUTHERN DISTRICT OF TEXAS___

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration    Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___December 15, 2025___    **X** /s/ Vikram Bajaj
_____
Signature of individual signing on behalf of debtor

Vikram Bajaj
_____
Printed name

Chief Financial Officer of Zynex, Inc.
_____
Position or relationship to debtor

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy