**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ZYNEX, INC.,** *et al.*, | § | **Case No. 25-90810** |
| | § | |
| **Debtors.** | § | |
| | § | |
| | § | |

**STIPULATION AND AGREED ORDER AUTHORIZING PAYMENT OF COVERED COSTS AND CLAIMS UNDER INSURANCE POLICY**

Zynex, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), Anna Lucsok ("Ms. Lucsok"), Thomas Sandgaard ("Mr. Sandgaard"), and Daniel Moorhead ("Mr. Moorhead, and together with the Debtors, Ms. Lucsok, and Mr. Sandgaard, the "Parties") hereby file this *Stipulation and Agreed Order* (the "Agreed Order")" with respect to certain disbursements pursuant to the terms of the GAIG Policy (defined below).

**RESERVATION OF RIGHTS**

**WHEREAS**, prior to the Debtors' petition date, the Great American Insurance Group ("GAIG") issued an insurance policy, which includes Sides A, B and C coverage for certain claims asserted during the one-year period beginning February 1, 2025 (the "GAIG Policy"), as set forth in the GAIG Policy.

**WHEREAS**, Side A coverage is available only for current and former directors, officers, and employees subject to the policy coverage terms, and applies when the Debtors do not or cannot indemnify such covered individuals (including on the basis of financial insolvency) and is not subject to any retention.  Side B coverage reimburses the Debtors for amounts the Debtors become

- 1 -

legally obligated to pay on behalf of covered individuals.  Side C coverage reimburses the Debtors for amounts the Debtors become legally obligated to pay for claims against the Debtors.

**WHEREAS**, the GAIG Policy includes an "Order of Payment" provision, providing that, "Losses", including defense costs, subject to Side A Coverage for covered individuals, shall be paid first, with any remaining amount of the "Limit of Liability" then available for coverage under other provisions of the GAIG Policy.[1]

**WHEREAS**, Ms. Lucsok is a former officer of the Debtors, serving as the Debtors' chief operating officer from January 27, 2021 to September 16, 2025, and chief commercial officer from September 16, 2025 to October 10, 2025.

**WHEREAS**, Mr. Sandgaard is a former officer of the Debtors, serving as the Debtors' president and chief executive officer from the Debtors' founding until August 19, 2025.  Mr. Sandgaard was Chairman of the Zynex, Inc. Board of Directors until January 22, 2026.

**WHEREAS**, Mr. Moorehead is a former officer of the Debtors, serving as the Debtors' chief financial officer from June 5, 2017 through August 29, 2025.

**WHEREAS**, Ms. Lucsok, Mr. Sandgaard, and Mr. Moorehead (collectively, the "D&Os") are named defendants in one or more federal securities class action, shareholder derivative, and RICO lawsuits asserted against the Debtors and former directors and officers of the Debtors.

**WHEREAS**, there are ongoing investigations by the Department of Justice and the Securities and Exchange Commission related to the Debtors.

**WHEREAS**, the D&Os have incurred attorneys' fees and costs in connection with the pending lawsuits and investigations and anticipate that they will require further representation, and

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the GAIG Policy.

the incurrence of additional fees and costs, both during the pendency of the Debtors' bankruptcy cases and following the anticipated effective date of the Debtors' proposed chapter 11 plan.

**WHEREAS**, the Debtors cannot indemnify the D&Os for claims and losses covered by the GAIG Policy including, without limitation, on the basis of the Debtors' financial insolvency, and do not oppose GAIG disbursing funds of GAIG to or on behalf of the D&Os to the extent consistent with the GAIG Policy.

**WHEREAS**, GAIG has requested an order from the Bankruptcy Court authorizing GAIG to disburse funds to or on behalf of the D&Os, to the extent consistent with the GAIG Policy, prior to making any such disbursements.

**WHEREAS**, following good faith discussions amongst the Parties, and in the interest of efficiently addressing the respective interests of the Parties related to the GAIG Policy, the Parties have agreed to the relief set forth herein.

**IT IS THEREFORE STIPULATED, AGREED AND ORDERED THAT:**

1. GAIG is authorized to make payments and advance funds under the Side A coverage of the GAIG Policy, including for "Costs of Defense," to or on behalf of the D&Os, solely to the extent consistent with the terms of the GAIG Policy, whether such payments and advances are on account of reimbursable costs incurred prior to or after the filing of the Debtors' bankruptcy petitions (the "Authorized Disbursements").

2. GAIG shall have no liability to the Debtors or the Debtors' estates with respect to such Authorized Disbursements.

3. Without admission as to the extent of the application of the automatic stay, if applicable, the extent of any interest of the Debtors in the GAIG Policy proceeds, or waiver or limitation of any rights, claims, interests, defenses, or obligations of the Parties under or related to

the GAIG Policy, the automatic stay under section 362 of the Bankruptcy Code shall not apply to the Authorized Disbursements and, to the extent applicable, is modified and lifted solely to permit the payment of the Authorized Disbursements.

4. Nothing herein is intended to or shall modify the terms of the GAIG Policy, or the rights, claims, interests, defenses, or obligations of the Parties related to or arising under the GAIG Policy.

5. The Parties are authorized to take all actions necessary or appropriate to implement the relief granted in this Agreed Order.

6. The terms of this Agreed Order shall be immediately effective and enforceable upon entry of the Agreed Order, and binding upon any successor of the Debtors and the Debtors' estates, including, without limitation, any trustee.

7. The Court shall retain jurisdiction with respect to all matters related to or arising from this Agreed Order.

Signed:

_____
Alfredo R. Pérez
United States Bankruptcy Judge


Dated: January 30 2026

**STIPULATED AND AGREED TO BY:**


By: */s/ Bob B. Bruner*
Bob B. Bruner (SBT 24062637)
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone:   (713) 651-5151
E-mail:        bob.bruner@nortonrosefulbright.com

*Counsel to Anna Lucsok*

- and –

By: */s/ Robert A. Fisher*
Zachary A. Cunha
Robert A. Fisher
One Citizens Place, Suite 500
Providence, RI 02903
Telephone:      (401) 454-1025
Email:              zcunha@nixonpeabody.com
                       rfisher@nixonpeabody.com

*Counsel to Mr. Sandgaard*

- and-


By: */s/ Coates Lear*
Paul H. Schwartz
Coates Lear
1811 Pearl Street
Boulder, CO 80302
Telephone:      (303) 530-3452 ext. 3
Email:              pschwartz@sgslitigation.com
                       coateslear@sgslitigation.com


*Counsel to Daniel Moorhead*

-and –

By: */s/ Omar J. Alaniz*
**REED SMITH LLP**
Omar J. Alaniz (24040402)
Dylan T.F. Ross (24104435)
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75230
Telephone:      (469) 680-4200
Facsimile:      (469) 680-4299
Email:              oalaniz@reedsmith.com
                       dylan.ross@reedsmith.com


**SIMPSON THACHER & BARTLETT LLP**
Elisha D. Graff (*admitted pro hac vice*)
Moshe A. Fink (*admitted pro hac vice*)
Rachael Foust (*admitted pro hac vice*)
Zachary Weiner (*admitted pro hac vice*)
425 Lexington Avenue
New York, NY 10017

- 6 -

Telephone:     (212) 455-2000
Facsimile:     (212) 455-2502
Email:         egraff@stblaw.com
               moshe.fink@stblaw.com
               rachael.foust@stblaw.com
               zachary.weiner@stblaw.com

- 7 -

## CERTIFICATE OF SERVICE

I certify that on January 30, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service.

By:      */s/  Bob B. Bruner*
Bob. B. Bruner

- 7 -