IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| ZYNEX, INC., *et al.*, | § Case No. 25-90810 (ARP) |
| Debtors.[1] | § (Jointly Administered) |

# DECLARATION OF DISINTERESTEDNESS

I, Koby Polaski, declare under penalty of perjury:

1. I am a Partner of Palmer Polaski, PC located at 1761 Emerson St. Denver, CO 80218 (the "**Company**").

2. Zynex, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Company provide legal immigration services to the Debtors and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Zynex, Inc. (5169); Zynex Monitoring Solutions, Inc. (4516); Zynex NeuroDiagnostics, Inc. (4515); Zynex Medical, Inc. (1963); Pharmazy, Inc. (0056); Kestrel Labs, Inc. (3775); and Zynex Management LLC (1267). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9655 Maroon Circle Englewood, CO 80112. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Zynex.

4.  As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.  Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6.  Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7.  The Debtors owe the Company $3,155.00 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code.

8.  I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and as such, the Company may file a proof of claim.

9.  I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of the Petition Date, the Company was not party to an agreement for indemnification with certain of the Debtors.

11. **[If there is an indemnification agreement]:** Such agreement for indemnification (the "**OCP Agreement**") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

- (a) The Company shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

- (b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Company, or provide contribution or reimbursement to the Company, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Company's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Company should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

- (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the Company must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Company before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Company for indemnification, contribution, or reimbursement. In the event that the Company seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Company's own applications, both interim and final, but determined by the Court after notice and a hearing.

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: March 12, 2026

_____
Koby Polaski